## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ERIK BILAL KHAN,

     Petitioner,

     v.                                    No. 16-CV-00102-RB-KBM

UNITED STATES OF AMERICA,

     Defendant.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte*, under Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts, on Petitioner Erik Bilal Khan's Petition Under 28 U.S.C. § 2241 For a Writ of Habeas Corpus [Doc. 1], Pro Se Motion to Proceed In Forma Pauperis [Doc. 6], and Application to Proceed in District Court Without Prepaying Fees or Costs Pursuant to 28 U.S.C. § 1915 [Doc. 7].   Because Petitioner has paid the $5.00 filing fee [*see* Doc. 9] his motions to proceed *In Forma Pauperis* will be denied as moot.   For the reasons explained below, Petitioner's § 2241 Petition will be dismissed.

On November 25, 2013, Defendant pleaded guilty to a Superseding Indictment charging him with (1) distributing child pornography; (2) receiving child pornography; (3) possessing child pornography; and (4) inducing a minor to engage in sexually explicit conduct for the purpose of creating child pornography.   *See United States of America v. Khan*, 12-CR-02901-RB [Docs. 26, 66]   Petitioner has not yet been sentenced in his federal criminal case and proceedings in that case remain ongoing.

On February 10, 2016, Petitioner filed the present § 2241 Petition challenging his "Federal Pretrial Detention" at the Doña Ana County Detention Center (DACDC) and "Federal Prosecution" in *Khan*, 12-CR-02901-RB.   [Doc. 1]   With respect to the conditions of his federal

pretrial confinement, Petitioner alleges that: (1) his First Amendment rights have been violated because DACDC "established a favored religion (Christianity), has deprived Mr. Khan the free exercise of his faith (Islam)," and has placed restrictions on his right to read and his confidential communications with counsel; [Doc. 2 at 35-37]; (2) he has suffered premature punishment as a result of his incarceration at DACDC in violation of the Eighth Amendment; [Doc. 2 at 65-67]; (3) he has been deprived of mental health treatment at DACDC [Doc. 2 at 67-68]; and (4) he has been deprived of his Sixth Amendment right to counsel due to the conditions of his confinement at DACDC.  [Doc. 2 at 84-86]

With respect to his ongoing federal prosecution, Petitioner alleges that: (1) the Child Pornography Prevention Act violates the First Amendment and is unconstitutional as applied to Petitioner; [Doc. 2 at 37-45]; (2) the search warrant violated the Fourth Amendment [Doc. 2 at 45-46]; (3) Petitioner was deprived of his Sixth Amendment right to effective assistance of counsel [Doc. 2 at 46-47, 74-83, and 88-90]; (4) Petitioner's guilty plea was coerced [Doc. 2 at 47-49 and 72]; (5) the presiding judge is biased against him and engaged in judicial misconduct [Doc. 2 at 50-52 and 69-70]; (6) Petitioner was deprived of due process of law in violation of the Fifth Amendment because he was denied access to discovery, he was deprived of counsel during interrogation, the prosecution engaged in misconduct, the prosecution withheld favorable evidence, the prosecution selectively prosecuted Petitioner, the prosecution misrepresented facts, and the prosecution breached Petitioner's attorney-client privilege [Doc. 2 at 49-50 and 52-63]; (7) Petitioner was deprived of his right to choose his plea at his arraignment [Doc. 2 at 63-65]; (8) Petitioner was deprived of his right to a speedy and public trial in violation of the Sixth Amendment [Doc. 2 at 71-72 and 86-88]; (9) Petitioner was deprived of his right to bail and to appeal the denial of bail [Doc. 2 at 72-74 and 95-96]; and (10) the penalties under the Child

Pornography Prevention Act violate the Eighth Amendment [Doc. 2 at 90-94].

It is well settled that "federal claims challenging the conditions of . . . confinement generally do not arise under § 2241." *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000). Allegations of constitutional deprivations in the conditions of pretrial confinement are not appropriate under § 2241, but may be raised in a civil rights complaint pursuant to 42 U.S.C. § 1983. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (noting that "requests for relief turning on circumstances of confinement may be presented in a § 1983 action"); *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1993) ("[A] § 1983 action is a proper remedy for a . . . prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."). Indeed, the Court notes that Petitioner currently has a § 1983 civil rights case pending in this Court, which raises many of the claims that Petitioner seeks to raise in the present § 2241 proceeding. *See Khan v. Barela, et al.*, 15-CV-01151-MV-SMV, Doc. 35 (D.N.M. February 5, 2016). Therefore, Petitioner's conditions of confinement claims will be dismissed without prejudice.

Petitioner's remaining claims also will be dismissed without prejudice, due to Petitioner's failure to exhaust his available remedies. *See Hall v. Pratt*, 97 F. App'x 246, 247 (10th Cir. 2004) (unpublished) (noting that the Court "may raise the issue of exhaustion sua sponte"). The Tenth Circuit Court of Appeals has stated that:

> To be eligible for habeas corpus relief under § 2241, a federal pretrial detainee generally must exhaust other available remedies. *See Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir.1988); *United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir.1987); *Moore v. United States*, 875 F.Supp. 620, 623 (D.Neb.1994). The reasons for this requirement are rooted not in comity (as is the case with state prisoners), but in concerns for judicial economy. Allowing federal prisoners to bring claims in habeas proceedings that they have not yet, but still could, bring in

> the trial court, would result in needless duplication of judicial work
> and would encourage "judge shopping."

*Id.* at 247-48; *see also Chandler v. Pratt*, 96 F. App'x 661, 662 (10th Cir. 2004) (unpublished) (affirming the dismissal of a federal pretrial detainee's § 2241 petition because "all the claims petitioner attempted to raise in his § 2241 petition should have been, and apparently were being, pursued in the criminal action").   Thus, any defense Petitioner "has to the criminal charges against him and any challenges he has to his prosecution can and must initially be raised in the criminal matter, and in an appeal to the Tenth Circuit Court of Appeals of pretrial decisions if allowed under federal law."   *Hicks v. United States*, No. 09-3136-RDR, 2009 WL 1938976, at *2 (D. Kan. July 6, 2009) (unpublished).   "After direct appeal, [P]etitioner's exclusive habeas corpus remedy would be that provided in 28 U.S.C. § 2255."   *Id.*

Pursuant to Rules 1(b) and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court determines that Petitioner has failed to make a substantial showing that he has been denied a constitutional right.   Therefore, the Court will deny a certificate of appealability.

IT IS THEREFORE ORDERED that Petitioner's Pro Se Motion to Proceed In Forma Pauperis [Doc. 6] and Application to Proceed in District Court Without Prepaying Fees or Costs Pursuant to 28 U.S.C. § 1915 [Doc. 7] are DENIED as moot;

IT IS FURTHER ORDERED that Petitioner's Petition Under 28 U.S.C. § 2241 For a Writ of Habeas Corpus [Doc. 1] is DISMISSED without prejudice; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

4