IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIK BILAL KHAN,

    Petitioner,

   v.                                       No. 16-CV-00102-RB-KBM

UNITED STATES OF AMERICA,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Petitioner Erik Bilal Khan's Notice of Judicial Conflict and Motion to Recuse District Judge [Doc. 14], which was filed on February 22, 2016. Petitioner contends that the undersigned judge must recuse himself pursuant to the Fifth Amendment of the United States Constitution and 28 U.S.C. § 455 because of an actual conflict of interest, since the Petition Under 28 U.S.C. § 2241 For a Writ of Habeas Corpus [Doc. 1] alleges that the undersigned judge committed judicial misconduct. [Doc. 14] For the reasons explained below, the Court liberally will construe Petitioner's motion as a motion for relief from judgment under Rule 60(b) and will deny the motion.

    On February 10, 2016, Petitioner filed a Petition Under 28 U.S.C. § 2241 For a Writ of Habeas Corpus [Doc. 1] challenging his "Federal Pretrial Detention" at the Doña Ana County Detention Center and ongoing "Federal Prosecution" in *United States of America v. Khan*, 12-CR-02901-RB. [Doc. 1] The Court promptly examined the Petition pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court dismissed without prejudice Petitioner's claims challenging the conditions of his federal pretrial detention, because "[a]llegations of constitutional deprivations in the conditions of pretrial

confinement are not appropriate under § 2241, but may be raised in a civil rights complaint pursuant to 42 U.S.C. § 1983."[1] [Doc. 12 at 3 (citing *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (noting that "requests for relief turning on circumstances of confinement may be presented in a § 1983 action"); *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1993) ("[A] § 1983 action is a proper remedy for a . . . prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.")]. The Court also dismissed without prejudice Petitioner's claims challenging his ongoing federal prosecution, due to Petitioner's failure to exhaust his available remedies. [Doc. 12 at 3-4 (citing *Hicks v. United States*, No. 09-3136-RDR, 2009 WL 1938976, at *2 (D. Kan. July 6, 2009) (holding that any defense Petitioner "has to the criminal charges against him and any challenges he has to his prosecution can and must initially be raised in the criminal matter, and in an appeal to the Tenth Circuit Court of Appeals if allowed under federal law." (unpublished))]. The Court denied a certificate of appealability and entered final judgment. [Docs. 12, 13]

The Court's Memorandum Opinion and Order of Dismissal and Judgment were filed on February 22, 2016 at 12:34 p.m. and 12:38 p.m., respectively. [Docs. 12, 13] Approximately three hours later, on February 22, 2016 at 3:10 p.m., the Court received Petitioner's Notice of Judicial Conflict and Motion to Recuse District Judge. [Doc. 14 at 1] Thus, Petitioner's motion, which seeks the recusal of the undersigned judge pursuant to 28 U.S.C. § 455, was filed after judgment had been entered and the case had been closed.

"Section 455 does not, on its own, authorize the reopening of closed litigation." *Lijeberg v. Health Serv. Acquisition, Corp.*, 486 U.S. 847, 863 (1988). However, the Federal Rules of

---

[1] The Court noted that Petitioner currently had a § 1983 civil rights case pending in this Court, which raises many of the same claims that Petitioner raised in his § 2241 motion. [Doc. 12 at 3 (citing *Khan v. Barela, et al.*, 15-CV-01151-MV-SMV, Doc. 35 (D.N.M. February 5, 2016)].

confinement are not appropriate under § 2241, but may be raised in a civil rights complaint pursuant to 42 U.S.C. § 1983."[1] [Doc. 12 at 3 (citing *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (noting that "requests for relief turning on circumstances of confinement may be presented in a § 1983 action"); *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1993) ("[A] § 1983 action is a proper remedy for a . . . prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.")]. The Court also dismissed without prejudice Petitioner's claims challenging his ongoing federal prosecution, due to Petitioner's failure to exhaust his available remedies. [Doc. 12 at 3-4 (citing *Hicks v. United States*, No. 09-3136-RDR, 2009 WL 1938976, at *2 (D. Kan. July 6, 2009) (holding that any defense Petitioner "has to the criminal charges against him and any challenges he has to his prosecution can and must initially be raised in the criminal matter, and in an appeal to the Tenth Circuit Court of Appeals if allowed under federal law." (unpublished))]. The Court denied a certificate of appealability and entered final judgment. [Docs. 12, 13]

The Court's Memorandum Opinion and Order of Dismissal and Judgment were filed on February 22, 2016 at 12:34 p.m. and 12:38 p.m., respectively. [Docs. 12, 13] Approximately three hours later, on February 22, 2016 at 3:10 p.m., the Court received Petitioner's Notice of Judicial Conflict and Motion to Recuse District Judge. [Doc. 14 at 1] Thus, Petitioner's motion, which seeks the recusal of the undersigned judge pursuant to 28 U.S.C. § 455, was filed after judgment had been entered and the case had been closed.

"Section 455 does not, on its own, authorize the reopening of closed litigation." *Lijeberg v. Health Serv. Acquisition, Corp.*, 486 U.S. 847, 863 (1988). However, the Federal Rules of

---

[1] The Court noted that Petitioner currently had a § 1983 civil rights case pending in this Court, which raises many of the same claims that Petitioner raised in his § 2241 motion. [Doc. 12 at 3 (citing *Khan v. Barela, et al.*, 15-CV-01151-MV-SMV, Doc. 35 (D.N.M. February 5, 2016)].


Civil Procedure "allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). In deciding whether a postjudgment motion filed within twenty-eight days of the date of judgment falls within the purview of Rule 59(e) or Rule 60(b), the Tenth Circuit Court of Appeals has instructed the district courts to consider "the reasons expressed by the movant, not the timing of the motion." *Jennings v. River*, 394 F.3d 850, 855 (10th Cir. 2005). Petitioner's motion, which is based on the undersigned judge's alleged failure to recuse himself in accordance with 28 U.S.C. § 455, appears to implicate Rule 60(b), which permits a court to relieve a party from a final judgment, in relevant part, because "the judgment is void" or "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4), (6). Therefore, the Court liberally will construe Plaintiff's motion as a motion for relief of judgment pursuant to Rules 60(b)(4) and 60(b)(6). *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."); *see also Lijeberg*, 486 at 863 (noting that relief under Rule 60(b)(6) is "neither categorically available nor categorically unavailable for all § 455(a) violations").

      Before analyzing the merits of Petitioner's Rule 60(b) motion, the Court first must address a jurisdictional issue. On March 31, 2016, Petitioner filed a notice of appeal from this Court's entry of judgment. [Doc. 20] Ordinarily, the filing of a notice of appeal divests the district court of jurisdiction. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). However, Federal Rules of Appellate Procedure 4(a)(4)(B)(i)

provides that "[i]f a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of a motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."  Fed. R. App. Proc. 4(a)(4)(A)(B)(i).  A Rule 60(b) motion filed "no later than 28 days after the judgment is entered" is one of the motions listed in Rule 4(a)(4)(A).  *See id.* at 4(a)(4)(A)(vi).  When such a motion is filed, the "time to file a notice of appeal [is tolled], and the effect of a notice of appeal is suspended while such a motion is under consideration by the district court."  *United States v. Madrid*, 633 F.3d 1222, 1226 (10th Cir. 2011) (citing advisory committee note to Rule 4, 1993 Amendment ("A notice [of appeal] filed before the filing of one of the specified motions or after the filing of a motion but before the disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon the previously filed notice effectively places jurisdiction in the court of appeals.")).  Because Petitioner's Rule 60(b) motion was filed within 28 days after judgment and before Petitioner's notice of appeal, the Court has jurisdiction to adjudicate it.

"Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances."  *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990).  A judgment is void under Rule 60(b)(4) "only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law."  *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002) (internal quotation marks and citation omitted); *see also V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir. 1979) ("A judgment is not void merely because it is or may be erroneous. . . . For a judgment to be void under Rule 60(b)(4), it must be determined that the rendering court was powerless to enter it." (citations omitted)).  "Rule 60(b)(6) has been described as a grand reservoir of equitable

4

power to do justice in a particular case." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996) (internal quotation marks and citation omitted). However, "[r]elief under Rule 60(b)(6) is appropriate [only] when circumstances are so unusual or compelling that extraordinary relief is warranted, or when it offends justice to deny such relief." *Id.* (internal quotation marks and citations omitted).

Petitioner contends that the undersigned judge had an obligation to recuse himself under 28 U.S.C. § 455, which provides, in relevant part, that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." § 455(a). Additionally, a judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." § 455(b)(1). Section 455 "was designed to promote public confidence in the integrity of the judicial process by replacing the subjective ['in the opinion of the judge'] standard with an objective test." *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993) (quoting *Lijeberg.*, 486 U.S. at 858 n.7 ). Under § 455 "factual allegations do not have to be taken as true," *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (per curiam), and "the judge's actual statement of mind, purity of heart, incorruptibility, or lack of partiality are not the issue," *Cooley*, 1 F.3d at 993. Rather, "[t]he test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Hinman*, 831 F.2d at 939.

Section 455 "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995); *see also Hinman*, 831 F.2d at 939 ("A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation."). "Neither is the statute intended to bestow veto power over judges or to be used as a judge shopping device."

*Nichols*, 71 F.3d at 351.   Indeed, "a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require."   *Id.*

The Tenth Circuit Court of Appeals has identified a nonexhaustive list of various matters which will not ordinarily be sufficient to require recusal under § 455:

> (1) Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters; (2) the mere fact that a judge has previously expressed an opinion on a point of law or has expressed a dedication to upholding the law or a determination to impose severe punishment within the limits of the law upon those found guilty of a particular offense; (3) prior rulings in the proceeding, or another proceeding, solely because they were adverse; (4) mere familiarity with the defendant(s), or the type of charge, or kind of defense presented; (5) basely personal attacks on or suits against the judge by a party; (6) reporters' personal opinions or characterizations appearing in the media, media notoriety, and reports in the media purporting to be factual, such as quotes attributed to the judge or others, but which are in fact false or materially inaccurate or misleading; and (7) threats or attempts to intimidate the judge.

*Nichols*, 71 F.3d at 351.   Thus, "adverse rulings 'cannot in themselves form the appropriate grounds for disqualification.'"   *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (quoting *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992)); *see also Edmond v. Athlete's Foot Grp.*, 15 F. App'x 738, 740 (10th Cir. 2001) ("Without more, the fact that a judge presided in a previous criminal matter involving a party is not a valid ground for recusal.") (unpublished).   Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."   *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Petitioner's contention that the undersigned judge has an actual conflict of interest in this habeas case because he is presiding over Petitioner's criminal case is "irreconcilable with Rule 4 of

the Rules Governing Section 2255 Proceedings for the United States District Courts, which specifically provides for a § 2255 motion to be assigned 'to the judge who conducted the trial and imposed sentence.'" *In re Burnett*, 537 F. App'x 30, 31 (3rd Cir. 2013) (quoting Rule 4(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts) (unpublished)). This rule recognizes that there is no impropriety in the judge who tried a criminal case also presiding over a defendant's habeas petition. *See* advisory committee notes on Rule 4(a), 1976 adoption (citing *Carvell v. United States*, 173 F.2d 348, 348 (4th Cir. 1949) (per curiam)). Indeed, "it is highly desirable" that "the judge who is familiar with the facts and circumstances surrounding the trial, and is not likely to be misled by false allegations as to what occurred," rule on a criminal defendant's habeas petition. *Carvell*, 173 F.2d at 348-349; *see also In re Burnett*, 537 F. App'x at 31-32 (noting that the fact that presiding judge may have "develop[ed] some opinions as to the merits" of the petitioner's habeas claims does not require recusal under § 455 because "one of the reasons that § 2255 motions are assigned to the trial judge is to take advantage of the judge's previous exposure to the factual and legal issues in the case").

Although this is not § 2255 proceeding, but rather a § 2241 proceeding, the Court finds the logic and reasoning of Rule 4 of the Rules Governing Section 2255 proceedings to be applicable. The sole basis for the alleged conflict of interest in the present case is the fact that the undersigned judge currently is presiding over Petitioner's criminal case. However, there is no impropriety or appearance of impropriety in a judge presiding over a defendant's criminal case and habeas case. Because Petitioner has failed to demonstrate that the judgment is void under Rule 60(b)(4) or that unusual or compelling circumstances exist warranting extraordinary relief under Rule 60(b)(6), Petitioner's Notice of Judicial Conflict and Motion to Recuse District Judge [Doc. 14] will be denied.

IT IS THEREFORE ORDERED that Petitioner's Notice of Judicial Conflict and Motion to Recuse District Judge [Doc. 14] is DENIED.

_____
UNITED STATES DISTRICT JUDGE